IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | |
| | : | CHAPTER 13 |
| BERNARD J. FEDOR, JR. | : | |
| DIANE FEDOR | : | CASE NO. 5-08-bk-52485 RNO |
| | : | |
| Debtors | : | |

*************************************************************************

| | | |
|---|---|---|
| BERNARD J. FEDOR, JR. | : | |
| DIANE FEDOR | : | |
| | : | |
| Plaintiffs | : | |
| | : | |
| v. | : | |
| | : | |
| AMERICAN HOME MORTGAGE | : | |
| SERVICES f/k/a OPTION ONE | : | |
| MORTGAGE CORPORATION, IT'S | : | |
| SUCCESSOR OR ASSIGNEE | : | |
| AND | : | |
| DEHART, III, ESQ., CHAPTER 13 | : | |
| TRUSTEE, | : | |
| | : | |
| Defendants | : | ADV. NO. 5-08-ap-50177 RNO |

# **<u>Opinion</u>**[1]

This adversary proceeding was commenced by an original Complaint filed on October 9, 2008. The Plaintiffs, Bernard J. Fedor, Jr. And Diane Fedor (hereinafter "the Fedors"), seek to avoid a mortgage under provisions of the Bankruptcy Code and state law. Shortly thereafter, the Defendant, American Home Mortgage Services, Inc., (hereinafter "American") filed a Motion to Dismiss Adversary Proceeding. An Amended Complaint was filed on December 24, 2008. In response, American filed a new Motion to Dismiss Adversary Proceeding. Presently before this

---

[1] Drafted with the assistance of William C. Blasses, Esquire, Law Clerk

1

Court is American's Motion to Dismiss Adversary Proceeding (hereinafter "the Motion"). For the reasons stated herein, the Motion is denied.

## I. Jurisdiction

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and § 157(b)(1) & (2)(A)&(B). This is a core proceeding under 28 U.S.C. § 157(b)(2)(K) as it pertains to the validity, extent, and priority of a mortgage lien.

## II. Standard of Review

American's Motion alleges several grounds for dismissal under specific portions of Federal Rule of Civil Procedure 12(b), which is made applicable to bankruptcy adversary proceedings by Federal Rule of Bankruptcy Procedure 7012(b). American alleges lack of subject matter jurisdiction, failure to state a claim upon which relief can be granted, and failure to join a necessary party.

The standard for a Rule 12(b)(1) motion places the burden of persuasion on the plaintiff. *Hedges v. U.S.*, 404 F.3d 744, 750 (3d Cir. 2005). "Furthermore, the district court may not presume the truthfulness of plaintiff's allegations, but rather must 'evaluat[e] for itself the merits of [the] jurisdictional claims.'" *Hedges*, 404 F.3d at 750 (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).

The Rule 12(b)(6) defense of failure to state a claim upon which this Court can grant relief is evaluated utilizing a different standard. ". . . [O]n a Rule 12(b)(6) motion, the facts alleged must be taken as true and a complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits." *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (citing *Bell Atlantic Corp. v. Twombly*,

2

550 U.S. 544, 127 S.Ct. 1955, 1964-1965, 1969 n. 8, 167 L.Ed.2d 929 (2007)). To survive a Rule 12(b)(6) motion, the pleadings must show plausibility. *Id*. at 234. ". . . the '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *Phillips*, 515 F.3d at 234 (quoting *Twombly*, 127 S.Ct. at 1965).

"[The standard] 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." *Phillips*, 515 F.3d at 234 (quoting *Twombly*, 127 S.Ct. at 1965). In reviewing the Amended Complaint, the Court must ". . . read [the] allegations in the light most favorable to the plaintiff, and determine whether a reasonable reading indicates that relief may be warranted." *Umland v. PLANCO Financial Services, Inc.*, 542 F.3d 59, 64 (3d Cir. 2008) (referencing *Phillips*, 515 F.3d at 233).

American's Motion also alleges that the Fedors failed to join an indispensable party. There are four factors a court should consider in determining whether a party is indispensable to a proceeding. Those factors are: 1) to what extent a judgment rendered in a person's absence might be prejudicial to that person or other parties; 2) to what extent the prejudice referenced in factor one can be lessened or avoided; 3) whether a judgment rendered in the person's absence will be adequate; and, 4) whether the plaintiff has a remedy if the action is dismissed, this factor counsels strongly against dismissal of this case. *General Refractories Co. v. First State Ins. Co.*, 500 F.3d 306, 320-321 (3d Cir. 2007).

### III. Facts and Procedural History

The facts set forth herein are based upon the allegations set forth in the Amended Complaint and its attachments. The factual allegations of the Amended Complaint are accepted

as true to the extent set forth in the above standard and for the purposes of deciding this Motion only.

The facts in this matter are similar to those in another adversary proceeding, Adv. No. 5-08-ap-50176 RNO ("Fedor I"), in which the Plaintiffs are also seeking to utilize the power of 11 U.S.C. § 544[2] to avoid a mortgage on real property. A mortgage against the Fedors' real property located at 253 Rear Canaan Street, Carbondale, PA (hereinafter "the 253 Rear Canaan Street property") was executed in favor of American, formerly known as Option One Mortgage, by them on September 18, 2002. The mortgage lists the address of the property as 259 Canaan Street, Carbondale, PA 18407-1401. The Fedors both signed the mortgage, but neither signature was witnessed by a subscribing witness. The mortgage also contains an "Acknowledgment" signed by a Notary Public and indicates that attorney Susan Kevra-Shiner certified that she was present at the mortgage signing. Pls.' Am. Compl. ¶8. The Amended Complaint also alleges that attorney Kevra-Shiner was not actually present at the time the Fedors signed the mortgage.

Although the mortgage lists the address of 259 Canaan Street, Carbondale, PA 18407-1441, the mortgage contains a legal description and Property Identification Number ("PIN") for the 253 Rear Canaan Street property. Pls.' Am. Compl. ¶9-11. The PIN is a number Luzerne County uses to identify assessed parcels. The Amended Complaint also alleges that, at the time of the mortgage's execution, the Fedors were led to believe that the mortgage would attach to the property located at 259 Canaan Street, Carbondale, PA rather than the 253 Rear Canaan Street property. Pls.' Am. Compl. ¶12. The Fedors filed a petition for Chapter 13 relief on September

---

[2] Unless otherwise noted, this and all future statutory references are to the Bankruptcy Code, 11 U.S.C. § 101, et seq., as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8, 119 Stat. 37 ("BAPCPA").

4, 2008. At the time of filing, the Fedors owned the 259 Canaan Street property. This adversary action was commenced on October 9, 2008, and in this action, the Fedors are seeking an order striking the mortgage from the 253 Rear Canaan Street property or bifurcation and modification of a mortgage lien pursuant to 11 U.S.C. § 506.

## IV. Discussion

### 1. American's Rule 12(b)(1) defense

The Fedors' Amended Complaint seeks relief pursuant to 11 U.S.C. § 544, which allows a trustee to avoid a lien if certain criteria are satisfied. The Third Circuit has spoken on the issue of Bankruptcy Court jurisdiction:

> Bankruptcy jurisdiction extends to four types of proceedings: (1) cases "under" title 11, that is, the bankruptcy petition; (2) proceedings "arising under title 11"; (3) proceedings "arising in" a bankruptcy case; and (4) proceedings "related to" a bankruptcy case. 28 U.S.C. § 1334(b); *In re Combustion Eng'g, Inc.*, 391 F.3d 190, 225 (3d Cir. 2005). The first three categories are "core" proceedings in which the bankruptcy court has power to hear, decide, and enter orders and judgments. 28 U.S.C. § 157(b)(1). *In re Exide Technologies*, 544 F.3d 196, 205 (3d Cir. 2008).

At this stage, I find the matters pled, utilizing provisions of the Bankruptcy Code to question the validity and extent of a mortgage, are core. Therefore, the Motion is denied as it pertains to lack of subject matter jurisdiction.

### 2. Dismissal under Rule 12(b)(6)

#### a. Count I - avoidance pursuant to § 544.

Similar to the Fedor I adversary proceeding, the Fedors seek to avoid a mortgage utilizing the power of § 544 on a different parcel of real property in this adversary proceeding. Section 544 of the Bankruptcy Code contains what are traditionally referred to as the trustee's

5

strong-arm powers. 5 Collier on Bankruptcy, ¶544.02 at 544-4 (15th ed. rev.) The Fedors maintain that § 544 gives them the power to avoid the lien against the 253 Rear Canaan Street property. Section 544(a) sets out three situations where a bankruptcy trustee has the power to avoid liens and transfers of property:

> (a) The trustee shall have, . . . the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by–
> (1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, . . . a judicial lien on all property on which a creditor . . . could have obtained such a judicial lien, . . .;
> (2) a creditor that extends credit . . . and obtains, . . . an execution against the debtor that is returned unsatisfied at such time, . . .; or
> (3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser . . . at the time of the commencement of the case, whether or not such a purchaser exists [and has perfected such transfer]. 11 U.S.C. § 544.

**(i)    The authority to exercise the trustee's avoidance powers**

The issue of whether a Chapter 13 debtor may, absent any specific statutory grant, invoke the trustee's § 544 strong-arm powers has been a source of dispute among courts. *See, e.g., In re Funches*, 381 B.R. 471, 495-496 (Bankr. E.D.Pa. 2008) (discussing two lines of cases; one finding that a Chapter 13 debtor may not invoke a trustee's § 544 powers, the other line finding that a debtor may invoke such powers). In this case, like in the Fedor I adversary proceeding, I need not decide the general question of whether a Chapter 13 debtor has the trustee's § 544 avoidance powers. In the present case, the Fedors' Amended Complaint references and pleads facts relevant to a specific statutory grant of avoidance powers contained within § 522(h).

Section 522(h) sets forth certain criteria for allowing a debtor to invoke a trustee's avoidance powers:

> (h) The debtor may avoid a transfer of property of the debtor or recover a setoff to the extent that the debtor could have exempted such property under subsection (g)(1) of this section if the trustee had avoided such a transfer, if–
> (1) such transfer is avoidable by the trustee under section 544, 545, 547, 548, 549, or 724(a) of this title . . . ; and
> (2) the trustee does not attempt to avoid such transfer.

The requirements of § 522(g)(1) are as follows:

> (g) Notwithstanding sections 550 and 551 of this title, the debtor may exempt under subsection (b) of this section property that the trustee recovers under section 510(c)(2), 542, 543, 550, 551, or 553 of this title, to the extent that the debtor could have exempted such property under subsection (b) of this section if such property had not been transferred, if–
> (1)(A) such transfer was not a voluntary transfer of such property by the debtor; and
> (B) the debtor did not conceal such property; . . .

These statutory provisions work together to create two separate sets of conditions that must be satisfied for a debtor to invoke the trustee's § 544 avoidance powers. Section 522(h) is satisfied when 1) the trustee fails to invoke the avoidance powers; and, 2) the Chapter 13 debtor could have claimed the subject property exempt had the trustee exercised the avoidance powers. *In re Funches*, 381 B.R. 471, 492 (Bankr. E.D.Pa. 2008) (citing *In re Myers*, 262 B.R. 445, 447 (Bankr. N.D.Ind. 2001). Section 522(g)(1) allows a debtor the right to exempt property if two conditions are satisfied, "that: (1) the transfer of property was *involuntary* and (2) the debtor *did not conceal* the property involved." *Funches* at 492.

Similar to their other adversary proceeding, Fedor I, the Fedors in this adversary

7

proceeding have pled specific facts touching upon the statutory grant of the trustee's avoidance powers. The Fedors have pled that the transfer was avoidable by the Chapter 13 Trustee and that the Chapter 13 Trustee has taken no action to avoid it. The Fedors have also pled that the property is wholly exempt and that an exemption "has been utilized in Plaintiffs' Chap[t]er 13 bankruptcy to exempt the property." Pls.' Am. Compl. ¶18. Like in the other adversary proceeding, I make no finding as to the propriety of the exemption; only that it was scheduled and pled herein.

Lastly, the Fedors have pled that the transfer is involuntary because they were led to believe that the mortgage would be on the property located at 259 Canaan Street, Carbondale, PA, rather than on the 253 Rear Canaan Street property. Pls.' Am. Compl. ¶19. While a mortgage agreement is usually considered a voluntary transfer, certain circumstances can make the transfer involuntary in nature. "Additionally, a 'transfer is also involuntary if it resulted from fraud, material misrepresentation or coercion.'" *In re Funches*, 381 at 493 (citing *Berman v. Forti*, 232 B.R. 653, 656 (D.Md. 1999). The Fedors have alleged that they mistakenly granted a mortgage against the 253 Rear Canaan Street property, believing that they were granting a mortgage against 259 Canaan Street. Development of additional facts, through discovery or trial, may ultimately negate the Fedors' right to recourse under § 522(h). However, at this stage, I find that the Amended Complaint contains the minimal allegations necessary to withstand the Motion.

**(ii)    Whether the property transfer is avoidable**

The Fedors' Amended Complaint maintains that the mortgage on the 253 Rear Canaan Street property is avoidable under § 544(a). In support of this contention, the Amended

8

Complaint alleges that the mortgage was improperly acknowledged and also contained an address that is inconsistent with the legal description and the PIN used. Pls.' Am. Compl. ¶¶8-11. As previously stated, § 544 provides the trustee the rights of three different hypothetical classes:

> In other words, as of the date of the petition's filing, § 544(a)(1) confers upon the trustee the rights of a hypothetical judgment creditor; § 544(a)(2) confers upon the trustee the rights of a hypothetical unsatisfied execution creditor; and § 544(a)(3) confers upon the trustee the rights of a bona fide purchaser when, as in this case, real property is at issue. *In re Bridge*, 18 F.3d 195, 199 (3d Cir. 1994).

The § 544 strong-arm powers are granted under federal bankruptcy law. However, to assess the trustee's avoidance powers, one looks to state substantive law:

> The trustee's avoidance powers do not supplant state law; rather the trustee's powers under § 544(a) are subject to the law of the locus of the property. *In re Bridge*, 18 F.3d 195, 200 (3d Cir. 1994); *See also, McCannon v. Marston*, 679 F.2d 13 (3d Cir. 1982).

This is consistent with the general bankruptcy tenet that property interests are created and defined by state law. *Butner v. U.S.*, 440 U.S. 48, 55, 99 S.Ct. 914, 918, 59 L.Ed.2d 136 (1979). Therefore, we need to examine some of the allegations of the Amended Complaint through the lens of Pennsylvania real property law.

Under Pennsylvania law, "[a] properly recorded document . . . gives subsequent purchasers constructive notice of the recorded document. A purchaser of real property is on constructive notice of the existence of a properly recorded mortgage even if the document is improperly indexed." *In re Wagner*, 353 B.R. 106, 119 (Bankr. W.D.Pa. 2006). Such notice is sufficient to preclude the exercise of the § 544(a) powers. *Id.* In the present case, the Fedors'

9

Amended Complaint alleges that because the mortgage has an address inconsistent with the property's PIN and description, and because the mortgage was improperly acknowledged, the Fedors, in the role of a hypothetical bona fide purchaser, can have the mortgage avoided.

The failure of the mortgage to state the correct street address does not negate the notice given by a properly recorded mortgage. "Therefore, for purposes of identifying a particular piece of real estate, an accurate metes and bounds description 'trumps' a street address also recited in a mortgage. The meets [sic] and bounds description controls." *In re Wagner*, 353 B.R. at 119 (referencing in footnote 10: *In re Dupell*, 235 B.R. 783, 787 n.3 (Bankr. E.D.Pa. 1999); *Post v. Wilkes-Barre Connecting R.R.*, 286 Pa. 273, 133 A. 377 (1926); *Pennsylvania Game Commission v. Keown*, 80 Pa.Cmwlth. 471, 471 A.2d 937 (1984); *Merlino v. Eannotti*, 177 Pa.Super. 307, 110 A.2d 783 (1955)). The Amended Complaint clearly concedes that both the legal description and the PIN contained in the mortgage both refer to the 253 Rear Canaan Street property. Therefore, the mere allegation that the mortgage contains an address of a different property is insufficient to show that the recording did not provide sufficient notice that a mortgage was on the premises.

As to the allegation that the recorded mortgage did not provide sufficient notice because the mortgage was improperly acknowledged, the analysis again focuses on how Pennsylvania law treats the recorded mortgage. In considering a similar issue, the Eastern District recently found that:

> A notary who takes the acknowledgment must know or have satisfactory evidence that the person making the acknowledgment is actually the person described in, and who executed, the instrument. 21 P.S. § 291.5. When a notary certifies a document, the notary attests that the document has been executed, that the notary was confronted by the signor, that the signor is the person

10

> whose name is subscribed, and that the notary is verifying the act
> of execution. *In re Fisher,* 320 B.R. 52, 63 (E.D.Pa. 2005) (citing
> *In re Messinger*, 281 B.R. 568, 573 (Bankr. M.D.Pa. 2002)).

As a matter of Pennsylvania law, non-fraudulent acknowledgment is a requirement for recording of a deed. *See Jefferson Bank v. Progressive Cas. Ins. Co.*, 965 F.2d 1274, 1284 (3d Cir 1992); *In re Messinger*, 281 B.R. 568, 573 (Bankr. M.D.Pa. 2002). "Without [a non-fraudulent] acknowledgment, taken before an authorized notary, the mortgage cannot be validly recorded and cannot provide security against third party claims." *Jefferson Bank*, 965 F.2d at 1284. In a footnote of *Jefferson Bank*, the Third Circuit conceded that while Pennsylvania actually requires a valid acknowledgment, ". . . a defective but non-fraudulent acknowledgment can be resurrected." *Id*. at 1284 n. 17. A Pennsylvania statute, 21 P.S. § 281.1, provides that instruments like deeds or mortgages shall not be held invalid or defective because of an acknowledgment defect. Such curative statutes are periodically passed by the Pennsylvania legislative; this statute took effect July 5, 2005.

The distinction between a defective and a fraudulent acknowledgment is an important one. Recorded mortgages that have an acknowledgment with a latent defect may serve to provide notice sufficient to defeat the claim of a bona fide purchaser for value. *See In re Messinger*, 281 B.R. 568, 574-575 (Bankr. M.D.Pa. 2002). On the other hand, if the acknowledgment is fraudulent in its nature, § 544 powers can be used to avoid the mortgage. *See, e.g., Fisher*, 320 B.R. at 72 (invalid acknowledgment can constitute proof of fraud to void perfection); *In re Rice*, 133 B.R. 722, 727-728 (Bankr. E.D.Pa. 1991) (more "serious" defects to the acknowledgment were not cured by the "curative statute" and therefore the mortgage could be avoided); *Jefferson Bank*, 965 F.2d at 1284 & n. 17 (distinguishing defective

11

acknowledgment from a fraudulent acknowledgment in that the former could be "resurrected" while the latter could not).

In the present case, the Fedors' Amended Complaint alleges that the acknowledgment attached to the mortgage in question indicated that attorney Susan Kevra-Shiner was a subscribing witness to the mortgage and that she personally presented the mortgage to the Fedors. The Amended Complaint also states that Susan Kevra-Shiner neither signed the mortgage as a witness nor was present at the time the Fedors signed the mortgage. Lastly, the Fedors' Amended Complaint states that the mortgage contained a street address of 259 Canaan Street, Carbondale PA, 18407-1441 and that the Fedors were led to believe that the mortgage would encumber that property. Given the allegations of the Amended Complaint, this Court finds that Count I of the Amended Complaint contains sufficient allegations to meet the Rule 12(b)(6) standard and sets forth a plausible cause of action.

      **b.**      **Count II - valuation and bifurcation through § 506 and § 1322(b)(2).**

In Count II of the Fedors' Amended Complaint, the Fedors seek bifurcation and modification of a mortgage pursuant to § 506 and § 1322(b)(2). Section 506(a)(1) provides a mechanism for determining the extent to which a claim is secured, and § 506(a)(2) provides a different mechanism for claims secured by personal property in a Chapter 7 or 13 case.[3]

---

[3] Section 506(a)(1) reads as follows:

> (a)(1) An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 553 of this title, is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, or to the extent of the amount subject to setoff, as the case may be, and is an unsecured claim to the extent that the value of such creditor's interest or the amount so subject to setoff is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest.

Bifurcation occurs when a claim is undersecured, that is to say that the value of the claim is higher than the value of the collateral, and the claim, therefore, is deemed to consist of a secured claim equal to the value of the collateral and an unsecured claim equal to the remainder of the original claim. The use of an adversary proceeding ensures certain procedural safeguards and due process rights which may not otherwise be available absent an adversary proceeding. *See In re Mansaray-Ruffin*, 530 F.3d 230, 237 (3d Cir. 2008) (comparing "contested matters" with adversary proceedings and noting the greater procedural safeguards found within an adversary proceeding).

The modification of a secured creditor's rights through a Chapter 13 plan is generally permitted by § 1322(b)(2).[4] However, modification is not permitted where the collateral is the debtor's principal residence. *Nobelman v. American Sav. Bank.*, 508 U.S. 324, 332, 113 S.Ct. 2106, 2111, 124 L.Ed.2d 228 (1993). This is commonly referred to as the anti-modification clause. In this matter, the Fedors are seeking to use § 506 to value and bifurcate the secured claim in conjunction with the proposed modifications through the Fedors' Chapter 13 plan. Such modification routinely occurs in bankruptcy. *See e.g. In re Dickey,* 293 B.R. 360 (Bankr. M.D.Pa. 2003) (mortgage was completely unsecured and "stripped" due to lack of equity); *In re Kemp,* 391 B.R. 262 (Bankr. D.N.J. 2008) (permitting the reclassification of a mortgage to a wholly unsecured claim). The Fedors have pled the ownership of the 253 Rear Canaan Street

---

[4] Section 1322(b)(2) reads:

> (b) Subject to subsections (a) and (c) of this section, the plan may–
> . . .
> > (2) modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence, or of holders of unsecured claims, or leave unaffected the rights of holders of any class of claims; . . .

13

property with a value of $38,000.00. They have also pled that American is undersecured with a claim of $117,563.00, and that the property is not the Fedors' personal residence. Given the allegations of the Amended Complaint, I find that Count II of the Amended Complaint contains sufficient allegations to meet the Rule 12(b)(6) standard and sets forth a plausible cause of action.

### 3. Dismissal under Rule 12(b)(7)

American also asserts that this case should be dismissed for failure to join an indispensable party. Federal Bankruptcy Rule of Procedure 7019 governs joinder of parties and incorporates Federal Rule of Civil Procedure 19. Rule 19(a)(1) sets forth the parties that must be joined as:

> (1) **Required Party.** A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
> (i) as a practical matter impair or impede the person's ability to protect the interest; or
> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

In this matter, American asserts that a pre-petition sale of 253 Canaan Street, Carbondale, PA from the Fedors to Scott Bauer creates a possible risk that "Mr. Bauer's property may be adversely affected." Def.'s Br. in Supp. of Mot. to Dismiss ¶13. It is American's assertion that Mr. Bauer's interest in 253 Canaan Street, Carbondale, PA makes Rule 19(a)(1)(B) applicable.

Case 5:08-ap-50177-RNO    Doc 20    Filed 04/30/09    Entered 04/30/09 15:14:21    Desc
Main Document    Page 14 of 16

Mr. Bauer's 253 Canaan Street property is completely separate and distinct from the two parcels previously discussed within this Opinion, 253 Rear Canaan Street and 259 Canaan Street. Def.'s Br. in Supp. of Mot. to Dismiss ¶4-6. It is unclear to this Court how this action, which seeks only the avoidance of a lien on the 253 Rear Canaan Street property pursuant to the provisions of the Bankruptcy Code, will affect Mr. Bauer's property, which is separate and distinct from the 253 Rear Canaan Street property.

Disposition of this case will presumably leave the property at 253 Canaan Street, Carbondale, PA wholly unaffected. The Third Circuit made it clear in *Liberty Mut. Ins. Co. v. Treesdale, Inc.*, that "[u]nder Fed.R.Civ.P. 19(a)(2), a party is only 'necessary' if it has a legally protected interest, and not merely a financial interest, in the action." 419 F.3d 216, 230 (3d Cir. 2005) (quoting *Spring-Ford Area School District v. Genesis Ins Co.*, 158 F.Supp.2d 476, 483 (E.D.Pa. 2001). Further, the standards for a party's presence in litigation to be "indispensable" under F.R.B.P. 7019(b) are higher than the standards for a party to be "necessary". Thus, a party who is not "necessary" cannot be "indispensable". *Koppers Co., Inc. v. Aetna Cas. and Sur. Co.*, 158 F.3d 170, 176 (3d Cir. 1998). In the present matter, Mr. Bauer has no legally protected interest in the current proceedings. Therefore the Motion is denied as it pertains to F.R.B.P. 7012(b)(7).

### 4. State court proceedings

Like in the Fedor I adversary proceeding, American's last reason for dismissal is the argument that "the case is presently at issue in the State Court, including matter of title to real property." Def.'s Mot. to Dismiss ¶4(a). This case involves a § 544 action and a § 506 action arising from the provisions of the Bankruptcy Code. This Court's understanding from the

15

Case 5:08-ap-50177-RNO    Doc 20    Filed 04/30/09    Entered 04/30/09 15:14:21    Desc
Main Document    Page 15 of 16

parties' briefs is that the matters in state court began before the Fedors' bankruptcy petition was filed. However, this Court does appreciate that issues involving significant areas of state law are implicated in this matter. As stated in the Fedor I proceeding, at this stage of the litigation no discovery has been done and no evidence has been presented that would allow the Court to examine the nature of the state court actions and their relationships to the present adversary proceeding. Furthermore, the Federal Rules of Bankruptcy Procedure only provide certain grounds for dismissal at this stage in the proceeding. I, therefore, find only that this reason for dismissal is prematurely raised and is better suited to be raised at a later stage, such as summary judgment. The Court makes no findings as to the relatedness of any state court actions or as to whether this Court may ultimately abstain in the future.

**V.     Conclusion**

An Order will be entered consistent with the foregoing Opinion.

Date:   April 30, 2009

_____
Robert N. Opel, II, Bankruptcy Judge      (BI)

*This opinion is electronically signed and filed on the same date.*

16